**James Raymond HIGDON, Petitioner,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2005–SC–0077–KB.

Supreme Court of Kentucky.

Oct. 20, 2005.

James Raymond Higdon, Louisville, for Petitioner.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Frankfort, for Respondent.

**2.** 162 S.W.3d 914 (Ky.2005).

## OPINION AND ORDER

LAMBERT, Chief Justice.

James Raymond Higdon, of Louisville, Kentucky, was admitted to the practice of law in Kentucky in May 1995. Higdon moved to withdraw from the practice of law in Kentucky and this Court granted the motion on March 19, 1997, pursuant to SCR 3.480. Higdon was a member in good standing with no pending disciplinary actions at that time. Higdon now seeks restoration to the practice of law in Kentucky pursuant to SCR 3.500.

Mr. Higdon is an active member of the Alabama bar and in good standing with that bar. During the time he was resigned from the practice of law in Kentucky, he has worked as a staff attorney for judges of various U.S. Bankruptcy Courts. The Board found that he has maintained his CLE requirements and has found no reason to deny restoration, approving his motion by an 18–0 vote.

In a letter dated September 24, 2004, from the KBA, Higdon was advised to post a cash or corporate surety bond in the amount of $2500, as well as paying the $500 fee listed in SCR 3.500(2) and the additional $500 fee to the KBA listed in SCR 3.500(2). It appears from the record that Higdon has complied with all of these requirements. He was also notified that he would be expected to pay the $270 annual dues if and when he was reinstated.

SCR 3.500(3) requires that any attorney applying for restoration whose retired status has prevailed for more than five years shall pass a written examination which shall cover the subject of ethics and five of the subjects listed in SCR 2.080(1). On October 5, 2005, the Kentucky Board of Bar Examiners certified to this Court that Mr. Higdon obtained a passing grade on this exam and that he has thereby satisfied all other requirements for reinstatement.

It is therefore ORDERED that Mr. Higdon be reinstated to the practice of law upon payment of $317.58 costs to the Kentucky Bar Association.

All concur.